IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
C.A. No. 1:17-cv-00659-TDS-LPA

RICHARD L. WINANS, on behalf of
himself and all others similarly
situated,

    Plaintiff,

vs.

FRANKLIN COLLECTION SERVICE, INC.
and DAN FRANKLIN,

    Defendants.

**REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

**NOW COME** the defendants Franklin Collection Service, Inc. ("Franklin") and Dan Franklin (collectively, "Defendants") and file their Reply to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Judgment on the Pleadings (Dkt No 17).

## I. ARGUMENT

**A. Plaintiff Misconstrues the Least Sophisticated Consumer Standard.**

Contrary to Plaintiff's assertions (Dkt No 17 pp 3-5; 8; 10-11), the least sophisticated consumer standard does not require the Court to consider communications from the vantage point of any particular person with any particular

1

background or unique and extreme hardship. Rather, the Court must consider how the hypothetical least sophisticated consumer "would interpret the allegedly offensive language." *Powell v. Palisades Acquisition XVI, LLC*, 782 F.3d 119, 126 (4th Cir. 2014). While the least sophisticated consumer is "naive," *see Elyazidi v. Sun Trust Bank*, 780 F.3d 227, 234 (4th Cir. 2015), he or she "isn't a dimwit or tied to the very last rung on the intelligence or sophistication ladder[.]" *Garcia-Contreras v. Brock & Scott, PLLC*, 775 F. Supp. 2d 808, 817 (M.D.N.C. Mar. 31, 2011) (brackets and citations omitted).

The least sophisticated consumer standard "protect[s] naive consumers," but also "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Id.* (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996)). Importantly, "because the test is objective, whether [the plaintiff] was in fact mislead is irrelevant." *Garcia-Contreras*, 775 F. Supp. 2d at 819.

As explained in the Memorandum in Support of Defendants' Motion for Judgment on the Pleadings (Dkt No 14), reviewing the Second Letter under a proper conceptualization of the least sophisticated consumer standard reveals that the letter complies with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") in all respects. (*Id.* at p 5-13).

### B. Plaintiff asks this Court to Ignore the Sound and Persuasive Reasoning of Multiple Federal District Courts on the Exact Issues Presented Here.

As to the First Letter, three federal district courts have reviewed the allegedly improper language and have found no violation of the FDCPA. *See Rivera v. Franklin Collection Service, Inc.*, No. 17-631, 2017 U.S. Dist. LEXIS 112105, at *7-8 (E.D. Pa. July 19, 2017); *Covington v. Franklin Collection Service, Inc.*, No. 16-2262-JWL, 2016 U.S. Dist. LEXIS 103601, at *5-6 (D. Kan. Aug. 5, 2016); *Clark v. Franklin Collection Serv.,* 2015 U.S. Dist. LEXIS 70944, at *5 (D. N.J. June 2, 2015). In addition, at least one federal district court has found that use of the phrase "The Collection Firm of Franklin Collection Services, Inc." did not misrepresent to the least sophisticated consumer that Franklin was a law firm. *Bradley v. Franklin Collection Serv.*, No. 5:10-cv-01537-AKK, 2013 U.S. Dist. LEXIS 45777, at *22-23 (N.D. Ala. March 28, 2013), *rev in part on other grounds*, 739 F.3d 606 (11th Cir. 2014).

While Plaintiff asserts that the *Rivera*, *Covington*, and *Clark* courts "never t[ook] the time" to consider the least sophisticated consumer standard (Dkt No 17 p 9-10), a cursory review of those decisions confirms that the courts considered and faithfully applied the least sophisticated consumer standard to the language in the First Letter when ultimately concluding that the language did not violate the FDCPA. *Clark,* 2015 U.S. Dist. LEXIS 70944, at *5 (applying the "least

3

sophisticated debtor" standard to the language found in the First Letter and concluding that "[t]here is nothing in the tone or content of the letter that is abusive or harassing"); *see also Rivera*, 2017 U.S. Dist. LEXIS 112105, at *5-8 (applying the least sophisticated consumer standard to the language in the First Letter and concluding that the plaintiff "failed to state an FDCPA claim"); *Covington*, 2016 U.S. Dist. LEXIS 103601, at *5-6 ("Plaintiff contends that the court should not follow *Clark* because the decision is 'conclusory' and does not accurately apply the 'least sophisticated consumer' standard. . . . [T]he court finds the *Clark* court's application of that standard persuasive and finds its conclusion sound.").

Although decisions from other circuits are not binding, courts in the Fourth Circuit regularly rely on decisions from other circuits as persuasive authority. *See, e.g.*, *Duran-Quezada v. Clark Constr. Group, LLC*, 582 Fed. Appx. 238, 239 (per curiam) (unpublished) ("While the decisions of other circuits are not binding, their reasoning is persuasive[.]"). As noted above and as explained in more detail in the Memorandum in Support of Defendants' Motion for Judgment on the Pleadings (Dkt No 14), the *Bradley*, *Clark*, *Rivera*, and *Covington* courts' analyses of these issues are sound and extremely persuasive. Using similar logic as those courts, this Court should dismiss Plaintiff's claims brought pursuant to the North Carolina Collection Agency Act, N.C. Gen. Stat. § 58-70-1 *et seq*.

4

## II. CONCLUSION

For the reasons stated herein and in the Memorandum in Support of Defendants' Motion for Judgment on the Pleadings (Dkt No 14), Defendants are entitled to judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure as to all counts and allegations of the Complaint. In the alternative, judgment on the pleadings is proper as to all counts against Mr. Franklin.

Respectfully submitted, this the 4th day of January, 2018.

/s/ Caren D. Enloe
Caren D. Enloe
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS, LLP
NC State Bar No. 17394
PO Box 26268
Raleigh NC 27611
Telephone: (919)250-2000
Facsimile: (919)250-2100
cenloe@smithdebnamlaw.com
*Counsel for Defendants Franklin Collection Service, Inc. and Dan Franklin*

# CERTIFICATE OF COMPLIANCE WITH TYPEFACE AND LENGTH LIMITATIONS

In accordance with Local Rule 7.1(a), the undersigned hereby certifies that the foregoing brief has been prepared in a fourteen point, proportionally spaced, serif typeface.

In accordance with Local Rule 7.3(d), the undersigned hereby certifies that the foregoing brief contains 871 words, exclusive of the items exempted by Local Rule 7.3(d)(1), as recorded by the word count feature of Microsoft Word 2013 word processing system used to prepare this document.

/s/ Caren D. Enloe
Caren D. Enloe
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS, LLP
NC State Bar No. 17394
PO Box 26268
Raleigh NC 27611
Telephone: (919)250-2000
Facsimile: (919)250-2100
cenloe@smithdebnamlaw.com
*Counsel for Defendants Franklin Collection Service, Inc. and Dan Franklin*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served electronically upon the following via CM/ECF:

Jonathan R. Miller
Salem Community Law Office
301 N. Main Street, Suite 2415
Winston-Salem, NC 27101
jmiller@salemcommunitylaw.com

*Counsel for Plaintiff*

This the 4th day of January, 2018.

/s/ Caren D. Enloe
Caren D. Enloe
SMITH DEBNAM NARRON DRAKE
SAINTSING & MYERS, LLP
NC State Bar No. 17394
PO Box 26268
Raleigh NC 27611
Telephone: (919)250-2000
Facsimile: (919)250-2100
cenloe@smithdebnamlaw.com
*Counsel for Defendants Franklin Collection Service, Inc. and Dan Franklin*
